UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARKO BYVALETS,

                Plaintiff,                         **MEMORANDUM AND ORDER**
                                                                               22-CV-5010 (ENV) (LB)

                -against-

CORNERSTONE GROUP MANAGEMENT;
1053 OWNERS CORPORATION,

                Defendants.
-------------------------------------------------------------------x
ERIC N. VITALIANO, United States District Judge:

      Plaintiff Marko Byvalets brings this *pro se* action invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has paid the required filing fee. For the reasons discussed below, the amended complaint is dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

      Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks

1

jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte. See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. Pro. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

## BACKGROUND

Plaintiff Marko Byvalets, a citizen of Brooklyn, New York, brings this *pro se* action against Cornerstone Group Management and 1053 Owners Corporation, both located in Brooklyn, alleging that his constitutional rights have been violated because, five years ago, defendants installed a video camera on the 4th floor of his apartment building. Am. Compl. at 2–3. Plaintiff seeks $90,000 in damages and for the removal of the camera. *Id*. at 12. Plaintiff also references federal criminal statues 18 U.S.C. §§ 241 and 242. *Id*. at 1, 11–12.

## DISCUSSION

Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700–01 (2d Cir. 2000). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship

among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (May 28, 2019). The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). Here, Plaintiff's allegation that defendants unlawfully installed a video camera in the hallway of his apartment building does not provide a basis for this Court's subject matter under 28 U.S.C. § 1331.[1]

Diversity jurisdiction is also lacking in this action. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e.[,] all plaintiffs must be citizens of states diverse from those of all defendants."); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

---

[1] To the extent Plaintiff's claim could be construed under 42 U.S.C. § 1983, Plaintiff is advised that under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, Plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Plaintiff does not set forth any facts to suggest that defendants are state actors or acted in concert with any state actor.

3

Plaintiff fails to establish that this Court has diversity jurisdiction over this action because his citizenship is the same as defendants. *See* Am. Compl. at 2.

Criminal Statutes

To the extent Plaintiff seeks to bring this action under federal criminal statutes 18 U.S.C. §§ 241, 242, private citizens such as Plaintiff do not have a constitutional right to bring a criminal proceeding. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another . . . .") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also El Bey v. Dogdig*, No. 22-CV-0091, 2022 WL 784035, at *2 (S.D.N.Y. Mar. 15, 2022) (a plaintiff cannot initiate a criminal proceeding).

The Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction.") (internal quotations and citation omitted).

## CONCLUSION

Accordingly, Plaintiff's amended complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment and close this case.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to once again amend his complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011). Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

4

*pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

  The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to Plaintiff and to note the mailing on the docket.

So Ordered.

                                 */s/ Eric N. Vitaliano*
                                 ERIC N. VITALIANO
                                 United States District Judge

Dated: Brooklyn, New York
    September 30, 2022